IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                              )<br>              Plaintiff,                            )<br>                                                              )<br>       v.                                                  )<br>                                                              )<br>C. LYNN MOSES,                               )<br>                                                              )<br>              Defendant.                         )<br>_____) | Case No.  CR-05-061-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

At Defendant's sentencing hearing, Defendant orally moved for an extension of time to renew his Motion for New Trial and/or file a second motion for new trial.  The Court proceeded with the sentencing hearing but, when it became apparent that the allotted time would not permit the completion of the hearing, the Court continued the sentencing and directed the parties to file a short brief on the appropriateness of the Defendant's motion for an extension of time to file a motion for new trial.  The Court has now reviewed the parties' briefs and grants Defendant's motion for an extension of time.

# ANALYSIS

### A.   2005 Amendment to Rule 33

Prior to December 1, 2005, Federal Rule of Criminal Procedure 33(b)(2) stated as follows: "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period." The 2005 amendment to the rule removed the requirement that the court must act within seven days after a verdict or finding of guilty if it sets another time for filing a motion for a new trial.  Moreover, the amendment revised Rule 33 so that it is consistent with all other timing requirements in the rules, including the provisions of Rule 45.  The current Rule 33(b)(2) states as follows: "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty."

The advisory committee notes to Rule 33 state as follows regarding the 2005 amendment:

> Assuming that the current rule [pre-2005 amendment rule] was intended to promote finality, there is nothing to prevent the court from granting the defendant a significant extension of time, so long as it does so within the seven-day period.  Thus, the Committee believed that the rule should be amended to be consistent with all of the other timing requirements in the rules, which do not force the court to act on a motion to extend the time for

**Memorandum Decision and Order - 2**

> filing within a particular period of time or lose jurisdiction to do so.
>
> Accordingly, the amendment deletes the language regarding the court's acting within seven days to set the time for filing. Read in conjunction with the conforming amendment to Rule 45(b), the defendant is still required to file a timely motion for a new trial under Rule 33(b)(2) within the seven-day period specified. The defendant may, under Rule 45, seek an extension of time to file the underlying motion as long as the defendant does so within the seven-day period. But the court itself is not required to act on that motion within any particular time. Further, under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion for new trial within the specified time, the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect.

*See* Advisory Committee Notes to Fed. R. Crim. P. 33, 2005 amendment.

## B.   The Amended Rule 33 Applies In This Case

In this case, a jury returned a guilty verdict against Defendant on September 16, 2005. On February 26, 2006, over five months later, Defendant filed his Motion for New Trial. The next day, February 27, 2006, the Court denied that motion as untimely. Two days later, on March 1, 2006, at the sentencing hearing for Defendant, Defendant orally moved for an extension of time to either renew the original motion for new trial or file what would constitute a second motion for new trial.

Initially, the Court must determine whether the amended version of Rule 33,

**Memorandum Decision and Order - 3**

which took effect December 1, 2005, or the pre-amendment version of the rule, should apply in this case.  This is necessary because, as illustrated above, if the pre-amendment version of Rule 33 applies, any decision by the Court extending the deadline for filing a motion for new trial would be untimely and the Court would be required to summarily deny the motion.  On the other hand, if the post-amendment version of Rule 33 applies, the Court may still grant Defendant's motion for extension of time if Defendant shows excusable neglect for not filing the motion for new trial in a timely manner.

In *United States v. Bowler*, 252 F.3d 741 (5th Cir. 2001), the Fifth Circuit addressed a similar question regarding whether to apply the pre or post 1998-amendment version of Rule 33.[1]  In that case, the court looked at the standard order which accompanies the submission of the proposed amendments to Congress, which states: "'That the foregoing amendments to the Federal Rules of Criminal Procedure shall take effect on December 1, 1998, and shall govern all proceedings in criminal cases thereafter commenced and, insofar as just and practicable, all proceedings in criminal cases then pending.'" *Bowler*, 252 F.3d at 744. (quoting Order of April 24, 1998 of the Supreme court of the United States Adopting and

---

[1] The Court will note that the issue is somewhat different in this case because the defendant in *Bowler* would benefit by applying the old rule, not the new rule.  Just the opposite is true in this case.

**Memorandum Decision and Order - 4**

Amending the Federal Rules of Criminal Procedure, 523 U.S. 1229 (1997)).  The Fifth Circuit noted that the "language in this enabling act accompanying the amendment to Rule 33 is . . . the language submitted by the Court with all such amendments to the Federal Rules."[2]  *Bowler*, 252 F.3d at 744.

To determine whether the pre or post-amendment rule applied to the defendant's Rule 33 motion in *Bowler*, the Fifth Circuit addressed whether the language, "all proceedings in criminal cases then pending," as described in the Supreme Court's Order, refers to *proceedings* pending on the effective date of the amendment or to *cases* pending on the effective date of the amendment.  *Bowler*, 252 F.3d at 745.  The Government argued in that case that the plain language of the Supreme Court's enabling act indicates that the new Rule 33 applies to *proceedings* commenced after the effective date of the amendment and, insofar as just and practicable, to *proceedings* pending on the effective date of the amendment.  *Bowler*, 252 F.3d at 744.  The Government argued that because there were no proceedings pending in the case when the new rule took effect, the defendant's Rule 33 motion, which was filed after the amendment took effect, was a proceeding commenced after the effective date of the amendment, and the new Rule 33 should apply.

---

[2]  The Court assumes that the Supreme Court's order here was identical to that at issue in *Bowler*, except that it stated that the amendments would take effect on December 1, 2005.

**Memorandum Decision and Order - 5**

The defendant argued that the new Rule 33 applied "only to *cases* commenced after the effective date of the amendment or, in so far as just and practicable, to proceedings pending on the effective date of the amendment, neither of which applied to his Rule 33 motion." *Bowler*, 252 F.3d at 745.

The Fifth Circuit ultimately interpreted the language to refer to pending *cases* and not merely pending *proceedings*. The court based its determination on other cases which interpreted the Supreme Court's standard language to mean cases, rather than proceedings. *See Bowler*, 252 F.3d at 744 (citing *United States v. Roberts*, 88 F.3d 872) (10th Cir. 1996); *Silvious v. Pharaon*, 54 F.3d 697 (11th Cir. 1995); *Cleveland v. Porca Co.*, 38 F.3d 289 (7th Cir. 1994); *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543 (5th Cir. 1992); *In re Jones*, 970 F.2d 36 (5th Cir. 1992). The court also determined that construing the Supreme Court's language to apply to cases rather than just proceedings furthered one of the policies behind the 1998 amendment, i.e, to avoid allowing a defendant less time to file his Rule 33 motion than the time then contemplated in the rule for filing the motion. Finally, the Fifth Circuit noted that "there is a 'general rule that courts apply procedural rules as they exist at the time of decision, as long as no manifest injustice results.'" *Bowler*, 252 F.3d at 746 (quoting *In re Jones*, 970 F.2d at 38). For these reasons, the Fifth Circuit decided that the amended Rule 33 applies to *cases* commenced

**Memorandum Decision and Order - 6**

after the effective date of the amendment and, insofar as just and practicable, to *cases* pending on the effective date. *Bowler*, 252 F.3d at 746.

This Court agrees with the Fifth Circuit's conclusion.[3] The new amendments apply to all cases pending after December 1, 2005 and, to the extent just and practicable, to all cases pending on that date, even if no affected proceedings (i.e., motions for new trial) were then pending before the Court.[4] The Government has not pointed to any factors in this case which would make it unjust or impracticable to apply the amendments here. Therefore, the Court will apply the standard set forth in the 2005 amendment to the Defendant's motion for a new trial.

## C.     Excusable Neglect

Pursuant to the amended Rule 33, the Court must consider Defendant's motion for an extension of time under the standards provided by Rule 45(b). Rule 45(b) states as follows:

>   (b)     Extending Time.

---

[3] The Court is mindful that the Fifth Circuit, after determining that the amended rules applied, insofar as just and practicable, to all cases pending at the time of their effective date, concluded that the application of the new rules would not be fair or practicable because it would have required the defendant to have filed his motion almost 5 months before the new rule became effective. However, that problem does not exist here.

[4] This finding is in line with the "'general rule that courts apply procedural rules as they exist at the time of decision, as long as no manifest injustice results.'" *Bowler*, 252 F.3d at 746 (quoting *In re Jones*, 970 F.2d at 38).

**Memorandum Decision and Order - 7**

>    (1)   In General.  When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>          (A)   before the originally prescribed or previously extended time expires; or
>          (B)   after the time expires if the party failed to act because of excusable neglect.

Fed. R. Crim. P. 45.  Defendant's motion was filed after the specified seven-day period for filing a motion for new trial required by Rule 33.  Thus, the Court can only grant the motion for extension of time if the Court determines that the failure to file a timely motion for new trial was the result of excusable neglect.

In determining whether excusable neglect exists, a district court must weigh the four equitable factors outlined in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).  *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).  Those factors are: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.  *Pincay*, 389 F.3d at 855.

With respect to the first factor, the Court finds that there is no danger of prejudice to the Government.  The Government is in the same position at this time to respond to a motion for new trial as it would have been had Defendant filed his

**Memorandum Decision and Order - 8**

motion in a timely fashion.  The first factor therefore weighs in favor of Defendant.

With respect to the second factor, the length of the delay is neither small nor large.  It is not merely a matter of days, but it is not a matter of years, either, and the Defendant has not yet been sentenced.  The Court finds that the second factor does not weigh in favor of either party.

As to the third factor, Defendant contends that the delay was caused by ineffective assistance of counsel.  In the civil context, a client is bound by the acts and omissions of his or her attorney and cannot establish excusable neglect by merely alleging that the attorney was asked to take a particular action but failed to do so.  *Pioneer Investment Services*, 507 U.S. at 396.  Rather than focusing on whether the client's efforts were excusable, "the proper focus is upon whether the neglect of [the client] *and their counsel* was excusable.  *Id.* at 397.  However, in determining what constitutes excusable neglect, the courts have generally been more solicitous of a criminal defendant's rights.[5]  In a criminal proceeding, ineffective assistance of counsel has been held sufficient to establish excusable

---

[5] In determining that the circuit court should have applied the *Pioneer* standard in determining whether a defendant should be relieved from his attorney's filing a notice of appeal one day late and with the wrong court, the Supreme Court in *Stutson v. United States,* 516 U.S. 193, 194 (1996), noted that "it is not insignificant that this is a criminal case. When a litigant is subject to the continuing coercive power of the Government in the form of imprisonment, our legal traditions reflect a certain solicitude for his rights, to which the important public interests in judicial efficiency and finality must occasionally be accommodated."

**Memorandum Decision and Order - 9**

neglect, at least where the attorney's omission resulted in the wholesale denial of the defendant's important rights. *See United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999). In *Clark*, the defendant alleged that he asked his attorney to file an appeal and his attorney refused to do so. Although the court dismissed the appeal on other grounds, it concluded that if Clark's allegations were true, that would be sufficient to establish excusable neglect. The same can be said here.

In this case, Defendant claims that he requested his trial attorney to file a motion for new trial, and that he provided his attorney with material to support such a motion, but his attorney refused to file the motion. Defendant claims that, instead, his attorney wasted the material on his response to the presentence report. Defendant supports his argument with an affidavit of a friend/attorney, Laura Lowery, who spoke with Defendant's trial attorney on behalf of Defendant.

Although the affidavit appears to contain hearsay testimony, the Court finds additional support for the statements made in the affidavit in the actions of Defendant post trial. After the trial in this matter, Defendant attempted to communicate with the Court via letters concerning his attorney's ineffective assistance of counsel. By a docketed order, the Court advised Defendant that it could not consider Defendant's letter requests and that he needed to make his requests through his counsel. The next day, Defendant's attorney filed a motion to

**Memorandum Decision and Order - 10**

continue the sentencing hearing, indicating that he, the attorney, concurred in Defendant's notion that Defendant and his attorney had differing views on how to proceed. The next day, at Defendant's scheduled sentencing hearing, Defendant tried to file another set of documents with the Court, addressing his concerns with his attorney and his decision to fire his attorney. The Court granted the continuance and allowed Defendant to obtain new counsel.

The Court finds that the Defendant has made an adequate showing that his attorney failed to file a motion for new trial as requested by Defendant and did not properly advise Defendant about his right to file, and the procedure for filing, a motion for new trial.[6] Accordingly, the Court finds that the failure to file a timely motion for new trial in this matter is attributable to the conduct of Defendant's counsel. The Court further concludes, in light of the Defendant's persistent attempts to contact the Court and his attorney, that the filing of a timely motion was not in the reasonable control of Defendant. The third factor therefore weighs in favor of Defendant.

---

[6] In reaching this decision, the Court is mindful that it's conclusions are based upon a one-sided view of what transpired between Mr. Shurtliff and the Defendant. If Mr. Shurtliff were provided an opportunity to explain his side of what occurred, the Court is confident that a different picture of the events would be presented. However, the Court does not feel that it is necessary to conduct an evidentiary hearing to resolve this issue. Rather, the Court is satisfied that, under the *Pioneer* standards, the Defendant has presented sufficient facts to establish a prima facie case that his attorney's conduct supports a finding of excusable neglect.

**Memorandum Decision and Order - 11**

Finally, as to the fourth factor, the Court finds no bad faith in Defendant's conduct. Thus, based on the evidence before the Court, the Court finds that the four factors outlined in *Pioneer*, weigh in favor of finding excusable neglect for Defendant's failure to file a timely motion for new trial. Therefore, the Court will grant the motion for extension of time for filing a motion for new trial.

Given the length of time that has expired since the verdict was rendered in this case, the Court will require an expedited schedule for briefing the motion for new trial. Accordingly, Defendant's motion and opening brief on the matter shall be due no later than March 17, 2006. The Government's response shall be due March 24, 2006. Any reply brief by Defendant shall be due March 29. Oral argument on the motion shall be heard on March 30, 2006.

**Memorandum Decision and Order - 12**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's March 1, 2006 Oral Motion to Extend Time to File Motion for New Trial shall be, and the same is hereby, GRANTED. Defendant shall have until **March 17, 2006** to file a motion for new trial.

IT IS FURTHER ORDERED that Defendant's renewed motion for new trial and opening brief is due **March 17, 2006**. The Government's response brief is due **March 24, 2006**. Any reply brief by Defendant is due **March 29, 2006**. Oral argument on the motion shall be held on **March 30, 2006 at 1:30 p.m.** in the United States Federal Courthouse in Pocatello, Idaho.

IT IS FURTHER ORDERED that the sentencing hearing currently scheduled for March 30, 2006 is VACATED. However, if the Court denies the motion for new trial, resumption of the sentencing hearing in this matter shall be re-scheduled immediately.

DATED: **March 8, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court